T.C. Summary Opinion 2008-110


UNITED STATES TAX COURT


TERRY R. AND MARGARET E. REITER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11708-06S.              Filed August 26, 2008.


Terry R. and Margaret E. Reiter, pro sese.

<u>Kathryn A. Meyer</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the

year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $4,841 in petitioners' 2003 Federal income tax.  The sole issue for decision is whether petitioners are entitled to a deduction for interest of $42,950 paid on a home mortgage loan during the year in issue.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioners resided in California at the time they filed their petition.

In 1974 petitioners formed California Digital, Inc., a closely held corporation.  Petitioners are the sole shareholders of the corporation, each holding 50 percent of the outstanding stock.  Petitioner husband serves as the president and secretary of the corporation, and petitioner wife serves as the corporation's treasurer.  Although California Digital, Inc., once occupied a 40,000-square-foot facility, the corporation is presently operated out of a spare bedroom in petitioners' home.

In 1981 petitioners purchased a single-family home for $775,000.  The sellers had two mortgages on the property at the time of the sale.  A first mortgage in the amount of $247,537.29 was held by Gibraltar Savings Bank, and a second mortgage in the amount of $327,462.71 was held by City National Bank.

Petitioners paid the sellers a $200,000 downpayment and agreed to purchase the home subject to and assuming both of the existing mortgages on the property.

On March 3, 1988, petitioners paid approximately $247,000 to Gibraltar Savings Bank in full satisfaction of the first mortgage on the property. On October 23, 1987, petitioners paid approximately $25,000 to City National Bank in full satisfaction of the amount remaining due on the second mortgage. A full reconveyance of title and deed of trust in favor of petitioners was executed and recorded on February 25, 1988.

Petitioners timely filed their 2003 Form 1040, U.S. Individual Income Tax Return, on which they reported: (1) $18,884 of taxable interest; (2) $5,111 of ordinary dividends; (3) $7,763 of capital gain; and (4) $56,518 of income on Schedule E, Supplemental Income and Loss. On Schedule A, Itemized Deductions, attached to the return, petitioners claimed a $42,950 home mortgage interest deduction that was not reported on a Form 1098, Mortgage Interest Statement. Since no Form 1098 was issued, petitioners indicated (as required under such circumstances by the instructions on line 11 of the Schedule A) that they had made mortgage payments to California Digital, Inc.--the "person" from whom petitioners purchased the home.

As the sole shareholders and officers for California Digital, Inc., petitioners filed Form 1120, U.S. Corporation

Income Tax Return, for the corporation for taxable year 2003 (California Digital return). The California Digital return reported $601,514 of total assets, which included $450,000[1] of mortgage and real estate loans, and a $301,703 loan from shareholders. The value of this loan at the beginning of the tax year was $304,523--a difference of $2,820.

On March 7, 2006, respondent sent petitioners a notice of deficiency disallowing the $42,950 home mortgage interest deduction claimed on their return.

## Discussion

Generally, taxpayers bear the burden of proving the Commissioner's determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are strictly a matter of legislative grace, and taxpayers bear the burden of proving they are entitled to any claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers are required to maintain records sufficient to substantiate the amounts of deductions claimed.

The sole issue before us is whether petitioners are entitled to claim a Schedule A deduction for mortgage interest payments. Section 163(a) and (h)(2)(D) generally allows a deduction for all

---

[1] This amount was the same at the beginning and at the end of the corporation's taxable year.

interest paid or accrued within the taxable year on indebtedness on a qualified residence. "Qualified residence" within the meaning of section 163 is the taxpayer's principal place of residence. Sec. 163(h)(4)(A). As with any deduction, however, petitioners must be able to substantiate the amount claimed. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Respondent disallowed petitioners' home mortgage interest deduction for lack of substantiation that they paid such interest in 2003.

Petitioners testified that following the success of California Digital, Inc., in the mid-1980s, they borrowed funds from the corporation to pay off the outstanding balances due on the mortgages on the property, and that after making these payoffs, they began to pay back the corporation by making mortgage payments to it. Petitioners testified that they agreed to pay California Digital, Inc., $450,000 at an annual rate of 9.544 percent, payable in full on or before February 13, 2008. As evidence of this arrangement, petitioners point to the California Digital, Inc. return for 2003 which shows a $450,000 loan to shareholders. Petitioners also testified that a promissory note secured by deed of trust was executed on or about February 13, 1988, between petitioners and California Digital, Inc.

Petitioners' position is that because they made interest-only home mortgage payments on a $450,000 loan secured by their home to the corporation, they are entitled to claim a home mortgage interest deduction for 2003. Respondent argues that there is no valid proof that petitioners made such payments. For the reasons discussed infra we agree with respondent.

Contrary to petitioners' testimony, no creditworthy promissory note secured by deed of trust was produced at trial. Petitioners attempted to have the Court receive into evidence a document entitled "Promissory Note Secured by Deed of Trust". This document recited a promise on the part of petitioners to repay California Digital, Inc., $450,000 at an annual interest rate of 9.544 percent. Upon examination of the document, the Court suspected that it was self-serving and inauthentic. To wit, although the paper was lightly affixed with a raised, notary's stamp, it appeared in all other ways (printed on an ink-jet printer; multiple grammar and spelling errors; undated on signature line; not witnessed or signed by the notary) to be a poor reconstruction of a purported promissory agreement between petitioners and their corporation, California Digital, Inc. When further questioned by the Court, petitioners finally admitted that the document was not an authentic copy of a promissory note but rather their attempt to reconstruct the terms of the loan that they testified was entered into between them and California

Digital, Inc., in 1988. Petitioners insisted that a promissory note was, in fact, executed in 1988 but that they were unable to presently find a copy of it. Because petitioners did not produce an authentic copy of any promissory note evincing the existence of any loan, the presumption is that such evidence--if it indeed existed--would not have been favorable to petitioners. See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Second, and also contrary to petitioners' testimony, there was no recordation of any mortgage on the property held by California Digital, Inc. Petitioners testified that the mortgage was recorded on the property on the morning of the Tax Court trial, 9 years after the purported title transfer. Over respondent's objections, petitioners attempted to have a copy of the recordation received into evidence, contending that because the recordation referenced the promissory instrument, the recordation should suffice as evidence that a promissory note did exist. The Court sustained respondent's objections and refused to receive the recordation into evidence.

Third, and finally, petitioners' testimony as to how their mortgage payments were made to California Digital, Inc., was contradictory, self-serving, and incredible. First, petitioners testified that they made mortgage payments to the corporation during 2003 out of the salary that California Digital, Inc., paid

to petitioner husband.  Petitioners' 2003 return does not reflect that petitioners received any salary income in 2003, and the California Digital return does not show that the corporation paid any salaries to any of its officers or employees during the year in issue.  When the foregoing was brought to petitioners' attention at trial, they changed their account, testifying that the payments were made to the corporation by personal check and that the payments were recorded as corporate journal entries. When questioned further by the Court as to any evidence of such journal entries, petitioners again changed their testimony. Petitioners then testified that the payments were recorded by the corporation as book entries, although only their accountant--who was not in court--could confirm this.  Finally, petitioners testified that the payments--totaling $42,950--were subtracted from a $304,523 loan that petitioners had previously made to the corporation.  The California Digital, Inc. return, however, shows that the amount of the loan decreased by only $2,820--and not $42,950--during the year in issue.  Accordingly, we conclude that petitioners' confusing and constantly changing line of testimony with respect to the payments is entirely incredible, and supports respondent's position that petitioners cannot substantiate that any home mortgage interest payments were made to California Digital, Inc., during 2003.

In sum, petitioners provided no documentation before, during, or after trial, such as canceled checks, that would substantiate their claim that they paid $42,950 of home mortgage interest, the deduction for which respondent disallowed. Accordingly, without any credible evidence that petitioners actually paid the $42,950, we sustain respondent's determination with respect to petitioners' 2003 income tax liability.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.